[Civ. No. 60241. Second Dist., Div. One. Sept. 3, 1981.]

CITY OF REDONDO BEACH et al., Plaintiffs, Cross-defendants and Respondents, v.
ALICE DeLONG, as City Treasurer, etc., Defendant, Cross-complainant and Appellant.

COUNSEL

Alice DeLong, in pro. per., for Defendant, Cross-complainant and Appellant.

Charles J. Post, City Attorney, for Plaintiffs, Cross-defendants and Respondents.

OPINION

HANSON (Thaxton) J.—Alice DeLong, Treasurer of the City of Redondo Beach and of the Redondo Beach Parking Authority, appeals a judgment granting to plaintiffs City of Redondo Beach (hereinafter the City) and the Redondo Beach Parking Authority (hereinafter the Authority) a writ of mandamus ordering her to pay approved warrants and denying DeLong's petition for mandamus to compel the City to provide and pay for an attorney for her defense of the action.

FACTS

The City and the Authority on March 12, 1980, filed a petition for writ of mandamus (Code Civ. Proc., § 1085) against DeLong. In the petition they allege that Alice DeLong, city treasurer and treasurer of the Authority, is required to disburse monies on demand properly audited and approved in the manner provided by the city charter which requires approval by the city manager and city clerk and final approval by the city council; that the City established the Authority which agreed to acquire a site and construct a parking facility; that the City agreed to lease the parking facility; that the Authority issued

$11,850,000 of revenue bonds to finance site acquisition and construction; that in 1972 the Authority accepted the completed parking facility; that subsequently the Authority reviewed the City resolution and lease and secured written advice of counsel; that thereafter the Authority on February 19, 1979, determined that since the parking facility was completed the funds remaining in the construction fund should be transferred to the "Reserve Fund"; that the Authority then determined that all monies in the Reserve Fund in excess of certain minimums be transferred to the Authority general fund to be used to pay bills and anticipated costs of improvement to the parking structure; that in addition the Authority undertook steps to acquire site for an additional parking structure to serve growing demand; that the Authority obtained Coastal Commission approval and contracted for architectural and appraisal services; that on November 5, 1979, the Authority approved payment of $15,000 for architectural services; that despite these approvals defendant DeLong refused to release Authority funds to pay approved architectural and appraisal services; that the City advanced funds to pay these expenses; that DeLong apparently believed she needed permission of counsel who advised the Authority in regard to the revenue bonds; and that despite defendant's plain duty to disburse funds for approved purposes and despite directions from the Authority to perform this duty, DeLong continues to refuse to disburse Authority funds in connection with the new parking structure.

As a second cause of action it was alleged in addition that on November 19, 1979, the city council approved pursuant to the prescribed approval procedure warrant No. 73469 for $17,478.57 payable to General Telephone Company for telephone service; that DeLong requested an audit of the bill by the city manager which was denied; that DeLong then placed a stop payment on warrant No. 73469; that the stop payment was later cancelled and the bill paid; that on February 25, 1980, warrant No. 75725 was approved by the city council for payment to General Telephone Company and that the stop payment order DeLong placed on this warrant remains in effect; that DeLong's failure and refusal to perform her duties of payment of approved bills is wrongful; and that unless compelled to do the acts required of her office DeLong will continue to fail and refuse to perform to the City's irreparable harm.

For a third cause of action the City alleged that by virtue of DeLong's failure to pay the City's telephone bill and certain Authority

expenses a controversy has arisen with respect to the respective rights and duties of the City, the Authority and the treasurer. With respect to the first two causes of action the plaintiffs sought to mandate the payment of the bills whereas with respect to the third cause of action they sought a judicial determination that the duty of the treasurer to disburse monies on receipt of a warrant approved by the city manager, city clerk and city council is ministerial and mandatory rather than discretionary and that the treasurer was not entitled to substitute her legislative judgment as to approved warrants in this manner.

In support of their petition the City and the Authority filed various documents including, inter alia, copies of the city charter, resolutions authorizing revenue bonds for the parking structure, lease agreement, minutes and resolutions pertaining to acceptance of parking structure, approving bills for payment, advancing funds to the Authority, authorizing transfer of funds to the Reserve Fund, and minutes of city council approving payment as to warrants Nos. 73469 and 75725 together with respective stop payment orders.

The city treasurer filed no answer to the petition of the City and the Authority. However, on March 13, 1980, DeLong filed a petition for a writ of mandamus alleging that the City and the Authority have a duty to provide her with an independent attorney of her choice and to pay all legal fees and costs arising in her defense of their action; that they refused to do so; and that if the City and the Authority were not compelled to do so DeLong would suffer irreparable damage in that she might be "forced to illegally disburse city monies in the sum of one million dollars." In addition, DeLong by declaration in support of her petition alleged that the city attorney told her he was unable to represent her because he was already representing the City and the Authority in their mandamus petition.

The City and the Authority responded to DeLong's petition alleging that the city attorney was required by city charter to represent all City officers in litigation in which such officer was a party; that the city attorney may not represent conflicting interests (Bus. & Prof. Code, § 6076); that although a public entity normally provides the defense for a public employee in civil proceedings (Gov. Code, § 995) it is not required to provide a defense where the proceeding is brought by the entity to remove, suspend or otherwise penalize the employee (Gov.

Code, § 995.4, subd. (a)) or if the public entity determines that the employee's act or omission was not within the scope of his employment (Gov. Code, § 995.2, subd. (a)) or the defense creates a conflict of interest between the entity and the employee (Gov. Code, § 995.2, subd. (c)). They further pointed out that the employee may recover certain costs of defense if the action has arisen out of his act or omission in the course of employment unless he acted fraudulently or it is an action described in Government Code section 995.4; that the City contends the instant proceeding falls within Government Code sections 995.4, 995.2 or both and that therefore DeLong is not entitled to a defense at public expense. In support of their answer the defendants filed as exhibits the City's notice of refusal to provide defense for the treasurer, memos of the treasurer showing refusal to pay Authority obligations, a memo from the city attorney to treasurer supporting legality of Authority action regarding use of funds for parking structure, agenda and resolutions respecting approval of transfer of monies to Reserve Fund, and memos demonstrating treasurer's failure to provide $150 petty cash for licensing and collections department to use in processing parking citations and handling posting of bail money.

The trial court issued an alternative writ commanding DeLong to pay warrant No. 75725, to disburse the money necessary to honor all warrants issued and regularly approved by the City and those issued and approved by the Authority, and to pay, as a personal liability, the costs of the City and the Authority. An alternative writ also issued with respect to DeLong's petition.

On April 15, 1980, the trial court following hearing took the matter under submission. On April 16, 1980, the court by minute order discharged the alternative writ and denied the peremptory writ as to DeLong. It granted the peremptory writ as prayed by the City and the Authority. The writ issued May 20, 1980, commanded the city treasurer to perform the following:

"1. Disburse the City money necessary to honor Redondo Beach warrant #75725 issued payable to General Telephone Company.

"2. Disburse the City money necessary to honor all warrants issued by the City of Redondo Beach and approved by the City Manager, City Clerk and City Council.

"3. Disburse the money necessary to honor all warrants directed to be issued by the Redondo Beach Parking Authority and approved by the governing body of the Parking Authority.

"4. Pay, as a personal liability, the costs of the City of Redondo Beach and Parking Authority in the amount provided by law, the Court having determined that the appearance and defense of [DeLong] in this proceeding was not made in good faith."

Treasurer Alice DeLong has appealed the minute orders of April 15 and 16, 1980, granting the petition of the City and the Authority and denying her petition.

ISSUES

■ DeLong contends on appeal that the trial court erred in issuing the writ of mandamus on the petition of the City and the Authority because in refusing to disburse public monies where she was not certain the disbursements were legal she was acting within the scope of her employment, and therefore it is incumbent upon the City to retain counsel to represent her in this action.

DISCUSSION

The trial court in its minute order of April 16, 1980, granted the peremptory writ to the City and Authority and denied the peremptory writ sought by the city treasurer. The court incorporated therein the following:

"MEMO: The City Treasurer is required to disburse monies on warrants properly audited and approved by City Manager and City Clerk and when approved by City Council.

"If the Treasurer claims the warrant is defective she may advise the City Manager, City Clerk or City Council and they are empowered to take such remedial action as may be appropriate, but the Treasurer may not refuse to honor an approved warrant.

"The Treasurer is not authorized to substitute her legislative judgment for that of the City Council or Redondo Beach Parking Authority, nor does she bear any responsibility for their decision."

The decision of the trial court, which impliedly found that the city treasurer wrongfully failed to perform the duties of her elected office, is fully supported by the record. Among other things, the city charter clearly delineates the function of the city treasurer which is to "Disburse monies on demands properly audited and approved in the manner provided for in this Charter or by ordinance of the City of Redondo Beach." (Redondo Beach City Charter, art. XI, § 11.1, subd. (c).) The city charter further charges the city clerk and city manager with the responsibility to audit and approve, prior to payment, all demands ascertaining that delivery of the goods or services was made, that the price is fair and that the appropriation has been made. (*Id.*, art. XX, § 20.1.) Once this procedure has been followed and the city council has approved payment the duty upon the city treasurer to disburse the funds is mandatory and not discretionary. As the trial court points out, the city treasurer may advise the responsible officers if she suspects some problem and they may take remedial action where warranted, but she is neither obligated nor authorized to exercise judgment or discretion with respect to a warrant properly authorized.

Pursuant to resolution No. 2, section 1, the need for a parking authority was established and the city council declared itself to be the Authority. The city treasurer thereupon became ex-officio treasurer for the Authority and was bound by the same duties and obligations for the Authority by which she already was bound under the city charter. Resolution No. 2 extends to her no auditing functions with respect to the demands for payment made upon the Authority.

Although the provisions of resolution No. 2 which establishes the Authority and authorizes issuance of $11,850,000 of revenue bonds for the purpose of constructing a parking facility are lengthy and complex, it clearly declares that a bond service fund shall be established to be used for making payments of principal and interest on the bonds as these fall due. Insofar as relevant it provides that if on July 15, 1972, or any July 15 thereafter there are moneys in excess of a designated amount, these may be transferred to the Reserve Fund, and that at any time there are moneys in the Reserve Fund in excess of the "Maximum Annual Debt Service" these may at the direction of the Authority be used in various ways including being transferred to the acquisition and construction fund to carry out additions to the project or to the general fund of the Authority. (Resolution No. 2, § 13.) The various funds were created in the treasury.

The record discloses that subsequently the city council approved the appropriate transfers of funds, acting on advice of counsel, and that it approved and authorized an agreement with an engineering firm to prepare plans and specifications for an additional parking structure to be built with excess funds being held by the Authority. The various memoranda, resolutions and approvals supporting the decision to commit funds to an additional structure, the determination of need for such a structure, and the approval of payment of bills incurred in preparation for its construction are contained in the record having been filed by the City and the Authority in support of their petition.

The record establishes that the city treasurer's duties and authority are clearly delineated and limited by the city charter and resolution No. 13. It further discloses that all proceedings with respect to the transfers of funds and payment of bills, whether those of the City or of the Authority, were regular and that the procedures required and outlined in the charter and bond resolution were followed. Accordingly, the city treasurer was required to disburse moneys as required pursuant to approved warrants.

In view of the fact that the record supports the trial court's further implied finding that the willful failure of the city treasurer to perform her duties to disburse monies on behalf of the City and the Authority in payment of their lawfully incurred obligations, the City had no duty to provide DeLong with an attorney or to pay her legal fees in this action. The City and the Authority utilized the appropriate method for dealing with the treasurer's conduct by obtaining a writ of mandate to compel her performance. (See, e.g., *Flora Crane Service, Inc.* v. *Ross* (1964) 61 Cal.2d 199 [37 Cal.Rptr. 425, 390 P.2d 193]; *A.B.C. Federation of Teachers* v. *A.B.C. Unified Sch. Dist.* (1977) 75 Cal.App.3d 332, 341 [142 Cal.Rptr. 111].)

The conduct of DeLong as disclosed by the record falls within the ambit of Government Code section 995.2, subdivision (a) or (c), and section 995.4, subdivision (a). DeLong makes no showing to remove the situation from these statutes which deprive her of the right to counsel or counsel fees in her defense where she has willfully obstructed the City and the Authority by her failure to make disbursements for duly approved warrants on demand.

## DISPOSITION

The judgments appealed from are affirmed; each party shall bear their or her own costs on appeal.

Spencer, P. J., and Dalsimer, J., concurred.